IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ANTONIO SANCHEZ MARTINEZ, § | | |
| Petitioner, § | | |
| § | | |
| VS. § | | Civil Action No. 4:08-CV-535-Y |
| § | | |
| DEE ANDERSON, Sheriff, § | | |
| Tarrant County, Texas, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

*A. Nature of the Case*

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2241.

*B. Parties*

Petitioner Antonio Sanchez Martinez, Prisoner I.D. No. 0237360, is a pretrial detainee presently confined in the Tarrant County jail pending criminal charges in state court.

Respondent Dee Anderson, is the Sheriff of Tarrant County.

*C. Issue*

Martinez, who is indigent, claims he has been confined and awaiting trial in the Tarrant County jail for the state offense of murder since August 2007, notwithstanding his requests for a reduction in bail, in violation of his constitutional rights. (Petition at 7-8)

*D. Legal Analysis*

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied. First, the petitioner must be in custody. *See* 28 U.S.C. § 2241(c); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Clearly, Martinez, who remains incarcerated in the Tarrant County jail on the pending criminal charges, is "in custody" for purposes of § 2241. Second, the petitioner must have exhausted his available state remedies.[1] *Dickerson*, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently available and adequate procedure. *Braden*, 410 U.S. at 489. Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. *See Deters v. Collins,* 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). In Texas, this requires that the claims be presented to the Texas Court of Criminal Appeals by way of either a petition for discretionary review[2] or postconviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. *See Deters*, 985 F.2d at 795; *Richardson,* 762 F.2d at 432; *see also Sones v. Hargett,* 61 F.3d 410, 415 (5th Cir. 1995) (exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show exceptional circumstances of peculiar urgency.

---

[1] Despite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court, either by trial on the merits or by other state procedures available to the petitioner. *See Dickerson*, 816 F.2d at 225; *see also Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 489-92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir.1976); *Fain v. Duff*, 488 F.2d 218, 223-24 (5th Cir. 1973). The exhaustion doctrine applicable to § 2241 was judicially crafted on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Braden*, 410 U.S. at 490-91; *Dickerson*, 816 F.3d at 225; *Fain*, 488 F.2d at 224.

[2] Either from conviction itself or from the disposition of a preconviction application for writ of habeas corpus. *See generally* TEX CODE CRIM. PROC. ANN. arts. 11.07, 11.09 (Vernon 2005).

*Deters*, 985 F.2d at 795.

Martinez has not satisfied the exhaustion requirement as to the claims presented. Martinez apparently sought state mandamus relief, however his motion for leave to file an original application for writ of mandamus was denied by the Texas Court of Criminal Appeals without written order on August 20, 2008. Nevertheless, Texas caselaw indicates that the proper vehicle to raise his claims is by way of an application for state habeas corpus relief. Martin indicates in his petition that he has filed an application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, but he has not provided proof of this assertion or that the state habeas proceedings have been concluded. Martinez has not shown that he should otherwise be excused from the exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. *See Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Accordingly, pretrial habeas interference by this court is not authorized. *See Braden*, 410 U.S. at 493.

Martinez's trial date has been set for March 19, 2009, in the Criminal District Court Number Three of Tarrant County, Texas. A federal court should abstain from considering a state prisoner's constitutional claims out of deference to the state courts. Federal habeas relief should not be used as a "pretrial motion forum for state prisoners." *Braden*, 410 U.S. at 493. Under the circumstances, it appears dismissal is appropriate. *See Deters*, 985 F.2d at 797.

## II. RECOMMENDATION

It is therefore recommended that Martinez's petition for writ of habeas corpus be DISMISSED without prejudice.

## III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November 14, 2007. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 10, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to

the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED February 17, 2009.

     /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE